Dear Senator LaFleur:
You have requested the opinion of this office concerning the ability of a department head of the City of Ville Platte to also serve as a member of the Ville Platte Housing Authority Board.
The municipality of Ville Platte is governed by the provisions of the Lawrason Act, R.S. 33:321, et seq. R.S. 33:386 provides for appointment of municipal officials at the first regular meeting of the board of aldermen succeeding each regular municipal election, where "the mayor,subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, except as provided for in R.S. 33:381 (D), and all othernecessary officers whose election is not provided for in R.S. 33:381. .. ." See R.S. 33:386(A); (emphasis added).
Because the position of department head is created by statute, the position constitutes "appointive office" for purposes of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq. "Appointive office" is defined by R.S. 42:62(2) as:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. *Page 2 
Similarly, the commissioners of a housing authority board hold appointive office. Housing authority members are appointed by the chief elected official of the municipality, here the mayor of Ville Platte, pursuant to R.S. 40:531 (A)(1), stating:
 531. Appointment of commissioners to local housing authority
 A. (1) When the governing body of any municipality or parish, as the case may be, has determined, by resolution as set forth in R.S. 40:393, that it is expedient to establish a local housing authority, the chief elected official of the municipality or parish, or if no such official exists, then the governing body itself shall appoint five persons who shall constitute the governing body of the local housing authority and shall be called commissioners.
The qualifications of office for a housing authority commissioner are set forth in R.S. 40:535, stating:
 535. Eligibility of commissioners
 Every commissioner shall be a resident of the area of operation of the housing authority which he or she has been appointed to serve. However, if after appointment a commissioner ceases to reside in the local housing authority's area of operation, his or her term of office shall automatically terminate and a successor shall be appointed to fill such vacancy in the manner provided in R.S. 40:533. Any commissioner who ceases to reside within the area of operation of the local housing authority in which such commissioner serves shall immediately so inform the board of commissioners of the authority and the appointing authority of his or her change in residence. Commissioners shall be adult persons of integrity. No person who has been convicted of a felony shall be eligible for appointment or service as a commissioner.
A department head of the municipality of Ville Platte holds "full-time" appointive office, while a member of the housing authority board holds a "part-time" appointive office. "Full-time" and "part-time" are defined by R.S. 42:62(4) and (5) as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work. *Page 3 
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
Having reviewed those statutes pertinent to the qualifications of a housing authority board member, and having reviewed the prohibitions set forth in the dual-officeholding statutes, the only prohibition of concern here would be R.S. 42:63(E), stating:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of a political subdivision thereof, or in a combination of these.
The law prohibits the holding of two full-time appointive offices, but does not prohibit the holding of two appointive offices where one is held on a part-time basis. Because the housing authority commissioner holds his position on a part time basis, the prohibition is inapplicable.
Thus, a full-time department head for the city of Ville Platte may also hold a part time position as member of the Ville Platte Housing Authority Board. This opinion is limited to an examination of the dual-officeholding statutes. Any questions concerning the Code of Governmental Ethics should be forwarded for review to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA, 70808, phone: (225)763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: _____________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg